(Decided 16th March, 1881.)

CLINTON McCULLOUGH, Trustee *vs.* GEORGE W. PIERCE.

*Practice in Equity—Allowance of Commissions to a Trustee in case of a Re-sale—Appearance Fee—Fee as Counsel—Rule of Court—Duty of Trustee to exact Compliance with the Terms of Sale.*

A trustee appointed by decree to sell mortgaged real estate, who sold the same, and received part of the purchase money from the pur-

McCullough, Trustee *vs.* Pierce.

chaser, and who, on failure of the purchaser to pay any part of the balance, or to comply with the terms of sale as prescribed by the decree, obtained an order for the re-sale of the property, and re-sold it, should be allowed commissions only on the sum actually received by him on account of the first sale, and also commissions on the whole amount of the re-sale. He is entitled in such case to only one appearance fee.

Where a loss has resulted to the mortgagee by reason of the default of the first purchaser, he remains liable for the loss on the re-sale, (if any,) and the expenses attending the same, and if the trustee should collect the same, he would be entitled to commissions on the sums so collected.

A Circuit Court has no power to adopt a rule allowing, where a decree or order for sale is passed, a fee of $30 to the complainant's solicitor, and an allowance under it by the auditor of that sum to a trustee who sold mortgaged real estate, " as counsel for complainant," should not have been made.

A trustee appointed by decree to sell real estate, should exact a prompt compliance with the terms of the sale, or should require security from the purchaser for his compliance therewith, before the sale is ratified.

APPEAL from the Circuit Court for Cecil County, in Equity.

The case is stated in the opinion of the Court.

The rules of the Circuit Court referred to in the opinion are as follows:

On sales under decrees or orders of this Court, the following allowances shall be made to trustees:

| On the first | 500 dollars, | 7 | *per centum.* |
|---|---|---|---|
| " second " | " | $6\frac{1}{2}$ " | " |
| " third " | " | 6 " | " |
| " fourth " | " | 5 " | " |
| " fifth " | " | $4\frac{1}{2}$ " | " |
| " sixth " | " | 4 " | " |

—and four *per centum* upon all amounts above the $3,000 above allowed, besides the allowance for expenses not personal. The above allowance to be increased in cases of postponed sales, at the request of defendants, or extraordinary difficulty or trouble from other circumstances. Where there is no sale, as for instance where the defendant pays under the decree, and the trustee has bonded, the allowance shall be one-half the commissions hereinbefore prescribed, but may, in particular cases, be increased or diminished by special order of the Court.

The auditor shall allow in each case where a decree or order for sale is passed, a fee of thirty dollars to the complainant's solicitor, and where the defendant appeared by solicitor, the usual solicitor's fee shall be allowed out of the proceeds of sale.

The cause was argued before BARTOL, C. J., GRASON, MILLER, ALVEY, ROBINSON and IRVING, J., for the appellee, and submitted for the appellant.

*James B. Groome,* for the appellant.

*Henry Stockbridge,* for the appellee.

BARTOL, C. J., delivered the opinion of the Court.

It appears from the record in this case that a bill was filed by William G. Carter, the holder of a junior mortgage, for the sale of certain mortgaged real estate of Evan Lewis. George W. Pierce, the appellee, was the holder of a prior mortgage of the same property and was made a party defendant in the cause. A decree was passed for a sale, the appellant, who was complainant's solicitor, was appointed trustee to make the sale, and the terms of sale prescribed by the decree were "one-third of the purchase money to be paid in cash on the day of sale, and the balance in two equal instalments in six and twelve months

from the day of sale, to be secured by the bonds or notes of the purchaser, with approved security, bearing interest from the day of sale.

On the 12th day of August 1875, the trustee reported that he had sold the property, on the 5th day of August 1875, for $6278.25 to William G. Carter, the complainant, who " *offered ready to comply with the terms of sale, when required to do so by the trustee.*" This sale was finally ratified on the 13th day of December 1875.

On the 28th day of July 1877, the trustee filed a petition setting forth that the purchaser had paid, on the 18th day of September 1875, to the trustee $1524.23, on account of the purchase money, and that he had failed to pay any part of the balance of the purchase money, or to comply with the terms of sale as prescribed by the decree, and prayed for an order of re-sale, &c.

On the 21st day of December 1877, an order of re-sale was passed, and on the 26th day of February 1878, the trustee reported that he had, on that day, re-sold the property to George W. Pierce, the appellee, for $2000. This sale was finally ratified May 1st 1878, and the cause was referred to the auditor, who stated an account on the 12th day of June, 1878, allowing to the trustee,

Full commissions on $6278.25 the amount of
the first sale as reported.......................................$296.13
Commissions on $2000, amount second sale......... 122.50
Solicitors' fee in the case......................................... 10.00
Fee as counsel for complainant............................. 30.00
As solicitor in proceedings for re-sale................. 10.00

Making in all for fees and commissions..............$468.63

The auditor's account was ratified on the 17th day of June 1878, and on the 24th day of the same month, a petition was filed by the appellee excepting among other

things to the allowance of commissions in the auditor's account as excessive, and also objecting to the allowance of fees to the solicitor in excess of those allowed by law. This petition was answered by the trustee September 28th 1878, and by an order of Court passed June 23rd 1879, the petition was dismissed; afterwards, on the same day, it was agreed between the solicitors that "the order of June 23rd 1879 should be rescinded and stricken out, and the case disposed of upon its merits as if the order had not been passed." And on the 1st day of August thereafter, in accordance with the agreement, the order of June 23rd 1879, was rescinded and the cause set down for hearing on a day therein named, and the parties proceeded to take testimony.

Upon the hearing the Circuit Court decided that the trustee should be allowed commissions only on the sum actually received by him on account of the first sale, and full commissions on the amount of the re-sale, and that the appearance fee awarded him by the auditor in the proceedings for the re-sale should be disallowed. On the 16th day of June 1880, the auditor stated an account in conformity to this decision; exceptions thereto were filed by the appellant; and the Circuit Court by its order passed on the 21st day of June 1880, *sustained* the exceptions filed by the appellee to the auditors' report filed on the 12th day of June 1878, and rejected the said report, and *overruled* the exceptions filed by the appellant, trustee, to the auditors' report and account of June 16th 1880, and ratified and confirmed the same.

From this order the present appeal was taken. By an agreement filed in the case it was admitted, that the proceeds of sale as originally made and reported by the trustee would have been sufficient, if the terms of sale had been complied with, to pay all expenses, all prior incumbrances, and the mortgage debt of the appellee in full; and that the sum received by the trustee on account of first sale

together with the entire proceeds of the second sale is not sufficient to pay expenses and prior claims upon the trust estate, and the appellee's claim in full, but when all has been so applied to said claims according to their respective priorities, a balance still remains due to the appellee, viz., the sum of $1445.23 with interest from 26th February 1878, the day of the re-sale.

By the last auditor's report, which was ratified, the sum of $30 was allowed to the trustee "as counsel for complainant." That allowance appears to have been made under a standing rule of the Circuit Court produced in evidence. It is very clear that there is no legal authority or power in the Court for the adoption of a rule of that kind, and such allowance ought not to have been made; but as no exception to it was filed by the appellee, nor any appeal by him from the order ratifying the account, the same cannot be corrected in that particular in this Court.

The only questions open before us on the appeal taken by the trustee, are whether the trustee ought to have been allowed commissions upon the whole amount, or price at which the first sale was made and reported; and *secondly,* whether he was entitled to be allowed $10 fee, in the proceedings for re-sale.

1st. By the 23rd Rule of the Circuit Court produced in evidence, commissions to trustees at the rate therein specified, are allowed " on sales under decrees or orders of the Court."

The construction put on this rule by the appellant is that under the rule, commissions are to be allowed upon the whole amount at which the trustee may report a sale to have been made, whether the sale has been complied with or not, and without regard to the amount which has actually come into the trustee's hand from such sale.

This is not a true construction of the rule, nor in accordance with sound principles governing the allowance of commissions. The basis for such allowance is the amount

received and paid out by the trustee, and the rule is analogous to that governing the allowance of commissions to executors, administrators and guardians.

In a case like the present, where only a small portion of the purchase money under the first sale has been received by the trustee, and a re-sale has become necessary by reason of the default of the purchaser, which has resulted in a loss to the mortgagee, the rule laid down by the Circuit Court in its opinion seems to us to be strictly correct; that is, to allow the trustee commissions only on the sum actually received by him on account of the first sale, and also commissions on the whole amount of the re-sale.

The first purchaser remains liable for the loss on the re-sale, and the expenses attending the same, and if the trustee shall collect the same he will be entitled to commissions on the sum so collected.

Any other rule would operate unjustly, and would offer a temptation to trustees to make sales to irresponsible bidders, at extravagant prices without any reasonable expectation that the terms of sale will be complied with, if commissions were to be allowed upon the whole price at which every sale may be made and reported, without regard to the amount realized therefrom. In this case there is no imputation upon the conduct of the trustee in this respect, the first sale made by him, was made in good faith, to a party believed to be a *bona fide* purchaser; and the only fault or omission of duty that can be ascribed to the trustee is his failure to "exact a prompt compliance with the terms of the sale, or to require security from the purchaser for his compliance therewith, before the sale was ratified." *Mealy vs. Page, Ex'r*, 41 *Md.*, 185.

Under the facts and circumstances of this case, as disclosed by the evidence, we think there was no error in disallowing the fee of $10 in the proceedings for a re-sale. Those proceedings arose from the *laches*, and omission of the trustee.

With respect to the objection made by the appellant, that the exceptions of the appellee to the auditor's report of June 12th 1878, were made too late, it is sufficient to say that they appear to have been made in twelve days after the order ratifying that report had been passed, and before the order had been enrolled. In addition to this any such objection was waived by the agreement to rescind the order of June 23rd 1879, and submitting the cause upon its merits, after taking testimony in the case.

*Order affirmed, and*
*cause remanded.*

(Decided 16th March, 1881.)